# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WACHOVIA BANK, NA, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-0778 |
| v. | (JUDGE CAPUTO) |
| H. VINCENT FORD and GAIL FORD, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Wachovia Bank, NA's Complaint, filed April 23, 2009. (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) deems a corporation to be a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff alleges in its Complaint that it is a corporate body having its principal place of business in Florida. (Compl. ¶ 1, Doc. 1.) Plaintiff fails to allege its citizenship based on its state of incorporation. Diversity is thus insufficiently alleged as to Plaintiff's citizenship.

In addition, diversity is insufficiently alleged as to the Defendants. Plaintiff alleges in its Complaint that both Defendants "reside" in Pennsylvania. (*Id*. ¶ 2.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). To properly allege diversity, a plaintiff must allege a defendant's state of citizenship, not merely of residence.

Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this __27th__ day of April, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge